**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TOMAS ARIZA and
VICTOR BRAVO,
*on behalf of themselves*
*FLSA Collective Plaintiffs*
*and the Class,*

                    Plaintiff,

                         v.

CASCABEL HOSPITALITY GROUP LLC
        d/b/a CASCABEL TAQUERIA,
2799 BROADWAY GROCERY LLC
        d/b/a CASCABEL TAQUERIA,
229 RESTAURANT GROUP LLC
         d/b/a CASCABEL TAQUERIA,
DAVID CHIONG,
and ELIZABETH GAUDREAU,

                    Defendants.

---

Case No.:

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

Jury Trial Demanded

        Plaintiffs, TOMAS ARIZA and VICTOR BRAVO, (hereinafter, "Plaintiffs"), on behalf

of themselves and others similarly situated, by and through their undersigned attorneys, hereby

file this Class and Collective Action Complaint against Defendants, CASCABEL

1

HOSPITALITY GROUP LLC d/b/a CASCABEL TAQUERIA, 2799 BROADWAY GROCERY LLC d/b/a CASCABEL TAQUERIA, 229 RESTAURANT GROUP LLC d/b/a CASCABEL TAQUERIA, (collectively the "Corporate Defendants"), DAVID CHIONG and ELIZABETH GAUDREAU ("Individual Defendant", collectively "Individual Defendants", and together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they, FLSA Collective Plaintiffs, and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime wages due to a policy of time-shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime wages due to policy of time-shaving, (3) improper meal credit deductions, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331 has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391 because one or more of the Defendants reside therein.

## PARTIES

5.      Plaintiff TOMAS ARIZA is a resident of Bronx County, New York.

6.      Plaintiff VICTOR BRAVO is a resident of New York County, New York.

2

7.      Corporate Defendant CASCABEL HOSPITALITY GROUP LLC d/b/a CASABEL TAQUERIA is a domestic limited liability company organized under the laws of New York with a principal place of business located at 1538 2nd Avenue, New York, New York 10028.

8.      Corporate Defendant 2799 BROADWAY GROCERY LLC d/b/a/ CASCABEL TAQUERIA is a domestic limited liability company organized under the laws of New York with a principal place of business located at 1556 2nd Avenue, New York, New York 10028.

9.      Corporate Defendant 229 RESTURANT GROUP LLC d/b/a CASCABEL TAQUERIA is a domestic limited liability company organized under the laws of New York with a principal place of business located at 1556 2nd Avenue, New York, New York 10028.

10.     Individual Defendant DAVID CHIONG is an owner and principal of CASCABEL HOSPITALITY GROUP LLC d/b/a CASCABEL TAQUERIA, residing at 301 East 80th Street, New York, New York 10075.

11.     Individual Defendant ELIZABETH GAUDREAU is a co-owner and principal of CASCABEL HOSPITALITY GROUP LLC d/b/a CASCABEL TAQUERIA, residing at 27 Norwood Avenue, Northport, New York 11768.

12.     Individual Defendants, DAVID CHIONG, exercised control over the terms and conditions over Plaintiffs' employment and those of FLSA Collective Plaintiff and other Class members. With respect to Plaintiffs, Individual Defendant, DAVID CHIONG, exercised functional control over the business and financial operations of the Corporate Defendants. Individual Defendant, DAVID CHIONG, had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

13.     Individual Defendant, ELIZABETH GAUDREAU, exercised control over the terms and conditions over Plaintiffs' employment and those of FLSA Collective Plaintiff and Class members. With respect to Plaintiffs, Individual Defendant, ELIZABETH GAUDREAU, exercised functional control over the business and financial operations of the Corporate Defendants. Individual Defendant, ELIZABETH GAUDREAU, had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

14.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

15.     The businesses are operated as a joint enterprise, under the common control of the Individual Defendants. Specifically, the businesses are engaged in related activities, share common ownership and have a common business purpose.

16.     At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

**<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

17.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §216(b), on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, porters, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are

4

and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their regular and unpaid overtime wages, automatic deductions, improper meal credit, and their overtime premium at one and one half times the regular rate for all hours worked over forty (40) in a workweek (due to a policy of time-shaving). The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## <u>RULE 23 CLASS ALLEGATIONS – NEW YORK</u>

20.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P") Rule 23, on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

21.     All said persons, including Plaintiffs, are referred to herein as the "Class". The Class members are readily ascertainable. The number and identity of the Class member are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown. As the facts on which the calculation of that number is presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' same corporate practices of (i) failing to pay proper wages for all hours worked, including their overtime premium at one and one half times the regular rate for all hours worked over forty (40) in a workweek, (ii) deducting an improper meal credit, (iii) failing to provide wage statements per the requirements of the NYLL, and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per the requirements of the NYLL.

24.     Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25.     Plaintiffs are able to fairly and adequately protect the interest of the Class and have no interests antagonistic to the Class, Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future

employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.  Whether Defendants employed Plaintiffs and the other Class members within the meaning of the NYLL;

b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the other Class members;

c.  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and the other Class members for their work;

d.  Whether Defendants properly notified Plaintiffs and the other Class members of their hourly rates and overtime rates;

e.  Whether Defendants properly compensated Plaintiffs and other Class members for all hours worked;

f.  Whether Defendants conducted time-shaving by paying Plaintiffs and other Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked, including hours over forty (40);

g.  Whether Defendants took the proper amount of meal credit allowance for each payment period under the NYLL;

h.   Whether Defendants paid Plaintiffs and other Class members the NYLL spread of hours premium when their workdays exceed ten (10) hours;

i.   Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL;

j.   Whether Defendants provided proper wage and hour notice to employees, including amongst others, the rate of compensation and trade name of employer, pursuant to the requirements of the NYLL.

## STATEMENT OF FACTS

29.   Plaintiff TOMAS ARIZA:

a.   In or around January 2017, Plaintiff, TOMAS ARIZA, was hired by Individual Defendants to work as a food preparer for Defendants at 1556 2nd Avenue New York, NY 10028.

b.   In or around August 2019, Plaintiff's employment was terminated.

c.   From in or around January 2017 through August 2017, Plaintiff, TOMAS ARIZA, regularly worked twenty (20) hours per week from 4 P.M. until 9 P.M. for four (4) days a week. From in or around August 2017 through January 2018, Plaintiff, TOMAS ARIZA, regularly worked thirty (30) hours per week from 4 P.M. until 10 P.M. for five (5) days a week. From in or around January 2018 through until the end of his employment with Defendants in August 2019, Plaintiff, TOMAS ARIZA regularly worked

twenty-six (26) hours per week from 4 P.M. until 10:30 P.M. for four (4) days a week.

d.  From in or around January 2017 through January 2019, Plaintiff, TOMAS ARIZA was compensated by check at a rate of $14.50 per hour for all hours worked. From in or around January 2019 through August 2019, Plaintiff TOMAS ARIZA was compensated by check at a rate of $16.50 per hour for all hours worked.

e.  Plaintiff, TOMAS ARIZA frequently worked without any breaks on a daily basis, yet Defendants still deducted thirty (30) minutes of work from his paycheck for each day Plaintiff worked.

f.  Throughout Plaintiff, TOMAS ARIZA's employment with Defendants, Defendants deducted a $5.00 meal credit from his pay for each day Plaintiff worked, well above what was legally permissible in the years 2017, 2018, and 2019. Generally, Plaintiff TOMAS ARIZA was not provided with a meal break but the meal credit was still deducted.

g.  All Class members were subject to an automatic deduction for meals even though no meal was effectively provided.

30.  Plaintiff VICTOR BRAVO:

a.  In or around March 2019, Plaintiff, VICTOR BRAVO was by Individual Defendants to work as a cook for Defendants at 1556 2nd Avenue New York, NY 10028.

b.  In or around October 2019, Plaintiff's employment was terminated.

c. From in or around March 2019 through October 2019, Plaintiff VICTOR BRAVO, frequently worked fifty-five (55) hours per week for six (6) days a week. Plaintiff also worked an additional ten (10) hours per week. During his employment with the Defendants from in or around August 2019 through October 2019, Plaintiff, VICTOR BRAVO, was scheduled to work from 8 A.M. to 3 P.M., for five (5) days a week. However, Plaintiff would get sent home by the Individual Defendants after only two (2) hours of work.

d. From in or around March 2019 through October 2019, Plaintiff, VICTOR BRAVO was compensated $19.00 per hour.

e. Throughout Plaintiff, VICTOR BRAVO, employment with Defendants, he frequently worked without any breaks, but Defendants still automatically deducted a thirty (30) minute meal break from his paycheck for each day he worked. As a result, Plaintiff was time-shaved three (3) hours every workweek.

f. Throughout Plaintiff, VICTOR BRAVO employment with Defendants, Defendants deducted a $22.50 meal credit from his pay each week Plaintiff worked, well above what was legally permissible in the year 2019. Generally, Plaintiff TOMAS ARIZA was not provided with a meal break but the meal credit was still deducted.

31. All Class members were subject to an automatic deduction for meals even though no meal was effectively provided.

11

32.     Defendants knowingly and willfully operated their business with a policy of failing to pay any of the Plaintiffs, FLSA Collective Plaintiffs, and Class members for all hours worked due to Defendants policy of time-shaving.

33.     Defendants unlawfully failed to compensate Plaintiffs, FLSA Collective Plaintiffs, and Class members their proper overtime at one and one half the regular rate for all hours worked that exceeded forty (40) hours per workweek, resulting in unpaid overtime premium.

34.     Defendants unlawfully failed to pay Plaintiffs, FLSA Collective Plaintiffs, and Class members spread of hours premium payments, even though Plaintiffs, FLSA Collective Plaintiffs, and Class members frequently worked shifts exceeding ten (10) hours in duration.

35.     Defendants knowingly and willfully operated their business with a policy of claiming an invalid meal credit in violation of the NYLL.

36.     Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the NYLL.

37.     Defendants knowingly and willfully operated their business with a policy or not providing a proper wage notice to Plaintiffs, FLSA Collective Plaintiffs, and Class members at the beginning of employment and annually thereafter, in violation of the NYLL.

38.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs, and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39.     Plaintiffs reallege each and every previously mentioned allegation of this Class and Collective Action complaint as fully set forth herein.

40.     At all relevant times, Individual Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

43.     At all relevant times, the Defendants had a policy and practice that failed to pay Collective Plaintiffs their proper wages for all hours, including overtime for hours worked in excess of forty (40) hours per workweek, due to a policy of time-shaving.

44.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs, and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

46.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

48.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

49.     Plaintiffs reallege each and every previously mentioned allegation of this Class and Collective Action complaint as fully set forth herein.

50.     At all relevant times, Plaintiffs and other Class member were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

51.     Throughout their employment, Plaintiffs and other Class members were not paid their proper wages for all hours worked, including those exceeding forty (40) hours per workweek.

52.     Defendants knowingly and willfully claimed an unlawful meal credit from Plaintiffs and Class members' wages, in violation of the NYLL.

53.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at the date of hiring and annually thereafter, as required under the NYLL.

54.     Due to the Defendants' NYLL violations, Plaintiffs and other Class members are entitled to recover from Defendants unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime compensation for the hours worked in excess of forty (40), due under the FLSA and the NYLL, due to a policy of time-shaving;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to 29 U.S.C. §216;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

15

f.   An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g.   Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

h.   Designation of this action as a class action pursuant to F.R.C.P. 23;

i.   Designation of Plaintiffs as Representatives of the Class; and

j.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury on all issues so triable as of right by jury.

Dated:                                     Respectfully submitted,

By:   */s/ C.K. Lee*_____
       C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs and the Class*